NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY BOONE, | : | |
| Plaintiff, | : | Civil No. 05-750 (AET) |
| v. | : | **MEMORANDUM OPINION** |
| DEVON BROWN, et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter is before the Court on Defendants' Motion [37] to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56. The Court has decided these motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motion is GRANTED in part and DENIED in part.

BACKGROUND

Plaintiff Anthony Boone is currently serving a life prison term at the East Jersey State Prison ("EJSP"). He brings this *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that various persons at EJSP, the New Jersey State Prison and the New Jersey Department of Corrections (together, the "Defendants")[1] violated his constitutional rights by denying him

---

[1] Plaintiff's Amended Complaint names Devon Brown, James Barbo, Shirley [sic] Tyler, Richard Cevasco, Mary Amato, Roy Hendricks, Barber Marshall, Christopher Lucca, Robert Markarski, Gary Sheppard, Donald Mee, Jr., Sheila Lee, Alfaro Ortiz, Jr., Elmira

medical care, retaliating against him for filing grievances, denying him recreation time, violating his due process rights by subjecting him to medical isolation and disciplinary proceedings, and revoking his commutation and work credits.  Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court reviewed the Complaint and, by Order dated August 22, 2005, dismissed *sua sponte* all but the denial of medical care and retaliation claims.  See Boone v. Brown, No. 05-750, 2005 WL 20006997, *5-6 (D.N.J. Aug. 22, 2005).[2]  This motion followed.

## DISCUSSION

A.   Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Defendants first ask this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff.  See Conley v. Gibson, 355 U.S. 41, 48 (1957); Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)  The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A court may dismiss a complaint under this rule if it appears beyond a doubt that no relief could be granted under any set of facts which could be proven consistent with the allegations.  In re Party City Sec. Litig., 147 F. Supp. 2d 282, 297 (D.N.J. 2001).

---

Kapchits, Christina Prestien, Sally Jack, Michael Power, Nurse Jane Doe and Officer John Doe as defendants in their official and individual capacities.  This motion was filed on behalf of defendants Brown, Barbo, Bruno, Cevasco, Hendricks, Lee, Lucca, Markarski, Mee, Sheppard, Ortiz, Power and Sheila Tyler.

   [2]   The facts underpinning Plaintiff's Complaint are set out in the August 22, 2005 Order.  Accordingly, only those facts relevant to the pending motion will be recounted in this Opinion.

B.	Motion for Summary Judgment under Fed. R. Civ. P. 56

Defendants alternately seek summary judgment pursuant to Rule 56. A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing motions for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. See Conley v. Gibson, 355 U.S. 41, 48 (1957); InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003). The moving party has the burden to show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Big Apple BMW v. BMW of North America, Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). An issue is "genuine" if a reasonable jury could hold in the movant's favor on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The movant need not disprove the opponent's claim, but must still demonstrate the absence of any genuine issue of material fact. Big Apple BMW, 974 F.2d 1362-63. Once the moving party meets its burden, the burden shifts to the non-moving party to adduce evidence showing that a genuine issue exists. Id. To successfully defend against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson, 477 U.S. at 252. If the non-moving party fails to make a sufficient showing establishing an element of his claim that is essential to his case, and on which he will bear the burden of proof at trial, then summary judgment is appropriate. Celotex, 477 U.S. at 322.

C.	Denial of Medical Care Claim

The Eighth Amendment proscription against cruel and unusual punishment requires that

prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-4 (1976).  To prevail on a denial of adequate medical care claim, Plaintiff must show that (1) a serious medical need existed, and (2) the Defendants' behavior rose to the level of "deliberate indifference" to that need.  Estelle, 429 U.S. at 106; Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

Plaintiff may show a "serious medical need" by demonstrating a need (1) that "has been diagnosed by a physician as requiring treatment"; (2) that "is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) for which "the denial of treatment would result in the unnecessary or wanton infliction of pain [or] a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003).  If Plaintiff can show a serious medical need, he must next show that Defendants were deliberately indifferent to that need, i.e. that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety.  Natale, 318 F.3d at 852.  Deliberate indifference may be found where a prison official either (1) knew of the need for treatment but intentionally refused to provide it; (2) delayed necessary medical treatment for non-medical reasons; or (3) prevented a prisoner from receiving needed or recommended treatment.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Medical malpractice or negligence do not rise to the level of deliberate indifference.  Id.  Similarly, neither subjective dissatisfaction with medical care, Andrews v. Camden County, 95 F. Supp. 2d 217, 228 (D.N.J. 2000), nor disagreement over medical care, White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990), will rise to the level of deliberate indifference.

Plaintiff received Mantoux skin tests for tuberculosis in 1992 and 1993, and suffered allergic reactions on both occasions.  (Am. Compl. (Statement of Facts) ¶¶ 1 and 3.)  Plaintiff

alleges past pain and suffering from those reactions, and further alleges that he was denied medical treatment when his requests to a nurse that he be seen by a doctor for the reactions were ignored.  (Am. Compl. (Statement of Facts) ¶ 4.)  He also alleges that his requests that a doctor determine the cause of his allergic reaction, and provide information about the test ingredients were denied. (Am. Compl. (Statement of Facts) ¶¶ 5, and 11.)  Plaintiff also alleges that his requests to be tested for tuberculosis with an alternate method were routinely denied.  (Am. Compl. (Statement of Facts) ¶¶ 8, 10, and 13.)

With respect to claims arising from the allergic reactions in 1992 and 1993, Defendants argue that the claims for acts or omissions that occurred prior to February 7, 2003 are barred by the applicable statute of limitations.  A state's statute of limitations for personal injury claims will govern § 1983 actions.  Wilson v. Garcia, 271 U.S. 261 (1985).  In New Jersey, personal injury claims must be filed within two years.  N.J. Stat. Ann. § 2A:14-2; see Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (two year statute governs § 1983 actions).  The statute of limitations starts to run when a claimant knows or has reason to know of a deprivation of his constitutional rights.  Rolax v. Whitman, 175 F. Supp. 2d 720, 725 (D.N.J. 2001).  Plaintiff's claims for denial of medical care arising from the allergic reactions in 1992 and 1993 are well beyond the statutory time limit, and because Plaintiff had reason to know of his cause of action in 1992 and 1993, these claims are time barred.

Plaintiff also claims that he was denied medical care because his requests to be tested for the cause of his allergic reaction, and his requests to be tested for tuberculosis by alternative means were ignored or denied by Defendants.  Plaintiff's situation is atypical in that he is not presently suffering from any painful or threatening condition, nor has he suffered any allergic

5

reactions in several years.  With respect to these specific claims, Plaintiff has not alleged (1) that he has been diagnosed by a physician as requiring treatment, (2) that he has a condition for which a lay person would recognize the necessity for a doctor's attention; or (3) that denial of treatment would result in his suffering unnecessary or wanton infliction of pain or a life-long handicap or permanent loss.  Atkinson, 316 F.3d at 272-73.  Accordingly, he fails to allege that he has a "serious medical need" and, as a result, fails to state a claim for denial of adequate medical care due to the Defendants' refusal to diagnose the allergic reactions or to offer alternative testing.

Plaintiff may still state a claim for denial of adequate medical care if there is a sufficient risk of future harm, and the prison officials are deliberately indifferent to that risk.  Helling v. McKinney, 509 U.S. 25, 33-35 (1993).  An actionable risk of future harm must be one that "society considers . . . so grave that it violates contemporary standards of decency to expose anyone willingly to such a risk."  Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003) (quoting Helling, 509 U.S. at 35).  This Court must accept Plaintiff's allegation that he would suffer a future allergic reaction were he to receive a Mantoux skin test.  Plaintiff cannot, however, demonstrate a risk of future harm because he has refused Mantoux skin testing for several years and has not been forced to undergo further Mantoux skin testing.  Accordingly, the Court finds that Plaintiff cannot prove any set of facts demonstrating that he has any risk of future harm from the Mantoux skin tests, let alone a risk that "violates contemporary standards of decency" within the meaning of Helling, supra.

A broad reading of the Complaint suggests that Plaintiff may also be alleging a risk of harm from tuberculosis because of Defendants' failure to offer him an alternate test.  If Plaintiff intends such a claim, it also must fail since Plaintiff has not alleged that the Defendant's response

to the tuberculosis risk was so grossly inadequate as to violate contemporary standards of decency within the meaning of Helling, supra.  By contrast, Plaintiff's own allegations point to contrary actions on the part of the Defendants to encourage tuberculosis testing, educate Plaintiff about the tuberculosis test, and to conduct alternative, non-pharmaceutical tuberculosis screening.  Indeed, the gravamen of Plaintiff's Complaint arises from the Defendants' efforts to eradicate tuberculosis in the prison population, not from any indifference to that risk.

Because Plaintiff cannot prove any set of facts to show that he has a serious medical need within the meaning of Atkinson or Helling, supra, he fails to state a claim that he was denied medical care in violation of his Eighth Amendment rights.  Defendants' motion to dismiss Plaintiff's denial of medical treatment claim is GRANTED.  Defendants' motion for summary judgment is DENIED as moot.

D.     Retaliation Claim

With respect to Plaintiff's retaliation claim, the Defendants do not argue that Plaintiff fails to state a claim, or indicate the absence of a genuine issue of material fact with respect to an essential element of Plaintiff's retaliation claim.  While Defendants raise affirmative defenses in their brief, they are directed to the denial of medical care claim, not the retaliation claim.  Thus, it is by no means clear that Defendants seek dismissal of the retaliation claim, and the Court will not infer such a motion.  Therefore, Plaintiff's retaliation claim will proceed.

## Conclusion

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED with respect to Plaintiff's denial of medical care claim, and DENIED with respect to the retaliation claim.  Defendant's Motion for Summary Judgment is DENIED.  An appropriate Order follows.