NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY BOONE, | Civil No. 05-750 (AET) |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| DEVON BROWN, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Plaintiff's Motion for Relief from Judgment [81], filed pursuant to this Court's grant of Defendants' Motion for Summary Judgment [63]. The Court has decided the instant motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND

A.  Procedural Background

Plaintiff Anthony Boone is an inmate at New Jersey State Prison ("NJSP"), in Trenton, New Jersey.  Prior to his confinement at NJSP, Plaintiff was incarcerated at East Jersey State Prison ("EJSP"), where he alleged he was given inadequate medical care giving rise to a § 1983 claim.  Furthermore, Plaintiff alleged that attempts to vocalize complaints about his medical care

resulted in retaliation by prison officials who denied him recreation time, subjected him to medical isolation, disciplinary proceedings, and deprivation of work credits.  On February 7, 2005, Plaintiff filed suit and on August 22, 2005, this Court dismissed all of Plaintiff's claims, except the claims of inadequate medical care and retaliation.

On May 24, 2006, Defendants filed a Motion for Summary Judgment [49] to dismiss Plaintiff's remaining claims.  Plaintiff never explicitly states he did not receive the motion papers.  During the time Plaintiff should have submitted his opposition, Plaintiff initiated at least four procedural motions, all of which were unresponsive to Defendants' dispositive motion. Plaintiff never filed his opposition to Defendants' motion.  This Court, on October 4, 2006, pursuant to Fed. R. Civ. P. 56(e), entered summary judgment in favor of Defendants [63], and the case was closed.  Plaintiff claims he did not receive this order [63].

Two weeks after the close of this case, in response to a fifth motion, Plaintiff was sent a notice [64] from the Clerk of this Court informing him that his case was closed.  The Clerk also returned materials Plaintiff had submitted in support of his fifth motion.  The Clerk enclosed a copy of the dispositive order [63] terminating his case.  The Clerk also indicated to Plaintiff that copies of these orders had previously been sent to him at EJSP and were not returned as undeliverable.

Since the Clerk of this Court sent its notice [64], and returned Plaintiff's paperwork two weeks after the Court's entry of summary judgment, twenty-three (23) months elapsed.  On September 9, 2008, Plaintiff filed the instant motion requesting relief from this Court's grant of summary judgment, pursuant to Fed. R. Civ. P. 60(b)(1) and Fed. R. Civ. P. 60(b)(6).  However, Plaintiff fails to meet his burden under the above rules and his motion is denied.

B.  Factual Background

Since 1987, Plaintiff has been serving a life sentence for his conviction for murder.  As a requirement of his incarceration, Plaintiff is subject to annual tuberculosis skin tests.  In 1993, Plaintiff began to complain of allergic reactions to these tests.  Each year, Plaintiff alleges he sought alternative means of examination.  In 2004, Plaintiff was charged with violating a Prohibited Act *.260, after he refused to submit to the mandatory medical testing.  After many postponed hearings, Plaintiff was found to have committed the infractions with which he was charged.  Plaintiff was disciplined within the corrections system.  In his brief in support of the instant motion, Plaintiff explains that, as part of his punishment for this violation, he was briefly placed in administrative segregation.

Notwithstanding this disciplinary action, Plaintiff continued voicing his grievances about the medical tests and his allergic reactions to them.  Plaintiff alleged his resistance to the medical testing created tension for him with prison officials, which evolved into retaliation. Throughout this period, Plaintiff inquired of various professionals as to the safety of the tuberculosis tests. Eventually, Plaintiff received a response from a medical doctor who corroborated Plaintiff's suspicions.  Accordingly, in February 2005, Plaintiff filed suit under § 1983 alleging, *inter alia*, inadequate medical care and retaliation.  In September 2005, Plaintiff was transferred from EJSP to NJSP.

DISCUSSION

A.  Relief Pursuant to Rule 60(b)(1)

Pursuant to Fed. R. Civ. P. 60(b),  "the court may relieve a party . . . from a final judgment . . . [for reasons of] mistake, inadvertence, surprise, or excusable neglect."  See Pioneer

Inv. Svcs., Inc. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 393 (1993) (stating that failure
to respond to a pleading is generally evaluated for Rule 60(b)(1) as a question of "excusable
neglect").

Whether error is "excusable" is a question of equity. Pioneer, 507 U.S. at 395. The
Court must consider the circumstances surrounding Plaintiff's omission that led to the judgment
from which relief is sought. Id. In the context of Rule 60(b)(1), these circumstances include (1)
the reason for the delay, including whether it was reasonably within the control of the movant,
(2) the length of delay and its potential impact on further proceedings, and (3) the danger of
prejudice to the non-movant and whether the movant acted in good faith. Id.

     1. Reason for the Delay

Here, Plaintiff claims many factors led to his failure to reply to Defendants' dispositive
motion. First, Plaintiff suggests that his transport between prison facilities inhibited the proper
delivery of his mail. Second, Plaintiff alleges that a string of events deprived him of adequate
access to legal services including, *inter alia*, damage to word processing materials and consistent
denials of his legal motions by this Court and the Magistrate Judge.

Plaintiff does not explicitly state that he did not receive Defendants' summary judgment
motion. It is noteworthy that between September 2005–the date Plaintiff transferred to NJSP,
and October 4, 2006–the date the Court granted summary judgment and closed this case, Plaintiff
filed many pleadings in this matter. One of these pleadings was responsive to a prior motion
filed by Defendants.

Plaintiff has failed to explain why he neglected to file any opposition to Defendants'
summary judgment motion and why he waited almost two years to file any objection to the

-4-

Court's order of dismissal.  "Plaintiff, regardless of his *pro se* status, is bound by the same procedural rules as any party."  Blomeyer v. Levinson, No. 02-8378, 2006 WL 463503, at *9 (E.D. Pa. Feb. 21, 2006).  Plaintiff's active participation in the management of this lawsuit demonstrates his awareness of the activity of this case.  Moreover, the pleadings he drafted and filed on his behalf undermine his argument that his word processing materials were damaged.

        2.  Length of Delay

Plaintiff waited almost two years before making a submission to the Court indicating any disagreement with the Court's grant of summary judgment against him.  This Court entered judgment against Plaintiff on October 4, 2006.  The Clerk of this Court sent a copy of this order to Plaintiff.  The record reflects this order was not returned as undeliverable.  On October 18, 2006, the Clerk of this Court notified Plaintiff the case had been closed and returned to Plaintiff materials supporting a new motion Plaintiff had filed.

In general, a presumption of regularity arises that public officers have discharged their official duties, absent evidence to the contrary.  Kephart v. Richardson, 505 F.2d 1085, 1090 (3d Cir. 1974).  Though a denial of receipt of documents can rebut the presumption, it is not enough to overcome it.  In re Cendant Corp. PRIDES Litg., 311 F.3d 298, 304 (3d Cir. 2002).

The record in this case reflects that Defendants' dispositive motion, the order closing the case, and the notification two weeks after the close of the case were all sent to the Plaintiff.  The record does not reflect that any of these documents were returned as undeliverable.  Moreover, Plaintiff has not stated he did not receive Defendants' dispositive motion.  In neither his instant motion nor his reply to Defendants' opposition does Plaintiff explicitly ground his request for relief from the judgment on the basis of lack of notice.

In fact, Plaintiff was actively involved in initiating and opposing pleadings on his behalf. It is only with respect to Defendants' dispositive motion that Plaintiff failed to file a reply for nearly two years, and only now voices objection to the close of this case. Accordingly, Plaintiff's motion is untimely and, because he fails to proffer any reason for the delay beyond a denial of receipt, he fails to rebut the presumption of regularity, as discussed in <u>In re Cendant</u>. <u>Id.</u>

### 3. <u>Prejudice to the Defendants and Plaintiff's Good Faith</u>

Though Defendants do not claim prejudice in their opposition to Plaintiff's motion, courts recognize a party's entitlement to protection from untimely reopening of a lawsuit. Moreover, Plaintiff's good faith is in question here because of his delay in filing a response. The record indicates that the Clerk of this Court sent a notification to Plaintiff informing him his case was closed. This notification was sent to NJSP. Plaintiff does not deny receiving this notification. In fact, Plaintiff incorporates a copy of the notification as an exhibit to the instant motion. Plaintiff's failure to provide an adequate reason accounting for his two-year delay undermines his good faith. For these reasons, the Court concludes that Plaintiff has not met his burden under Rule 60(b)(1) for relief from a final judgment.

### B. <u>Relief Pursuant to Rule 60(b)(6)</u>

Alternatively, Plaintiff argues he is entitled to relief from the judgment pursuant to Rule 60(b)(6), which awards relief for any justifiable reason. This provision of the rule does not place a one year time-bar on Plaintiff's request, but rather permits relief if a request is made in a reasonable time. Fed. Civ. R. P. 60(c)(1). However, it is noteworthy that the Third Circuit has held that seventeen months was too long a period to be considered reasonable for the purposes of relief under Rule 60. <u>Delzona Corp. v. Sacks</u>, 265 F.2d 157, 159 (3d Cir. 1959). In addition to

-6-

considering the length of time, a party seeking relief in the absence of mistake, inadvertence, surprise, or excusable neglect, must explain the exceptional circumstances for such relief. Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). This, Plaintiff has not done. Therefore, Plaintiff's motion to reopen the case pursuant to Rule 60(b)(6) is denied.

CONCLUSION

For the foregoing reasons and for good cause shown,

It is on this 12th day of November, 2008,

ORDERED that Plaintiff's Motion for Relief from Judgment [81]  is DENIED.




                                        s/ Anne E. Thompson
                                        _____
                                        ANNE E. THOMPSON, U.S.D.J.